IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00253-GCM
(3:97-cr-00249-GCM-1)

| | |
|---|---|
| MILAS HENRY MACK, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct his Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion will be dismissed.

I.  BACKGROUND

On February 24, 1999, Petitioner was sentenced in this District to a term of 1,380-months' imprisonment following his conviction on one count of conspiracy with intent to distribute cocaine, cocaine base, and marijuana, and five counts of possession of a firearm during and in relation to a drug trafficking crime. (3:97-cr-00249, Doc. No. 27: Judgment). Petitioner did not appeal.

II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In this collateral proceeding, Petitioner contends that he is entitled to relief from his sentence because he no longer qualifies as a career offender pursuant to § 4B1.1 of the U.S. Sentencing Guidelines Manual (USSG). Petitioner relies on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was void for vagueness and therefore unconstitutional.[1]

The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").[2]

The Sentencing Guidelines provide that:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of

---

[1] The Supreme Court recently explained that the holding in Johnson is retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

[2] The Fourth Circuit observed that the "term 'crime of violence,' and its cousin, the term 'violent felony' are defined in various statutory provisions, including § 924(c), and in the Sentencing Guidelines, including section 4B1.2. In light of the striking similarities among those definitions, the court decisions interpreting one such definition are persuasive as to the meaning of the others." United States v. McNeal, 818 F.3d 141, 153 n.9 (4th Cir. 2016) (citing United States v. Williams, 67 F.3d 527, 528 (4th Cir. 1995)).

> conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(1998).

In Petitioner's presentence report (PSR), the probation officer found that he qualified as a career offender based on, among other offenses, four North Carolina convictions for breaking and entering a dwelling house. (3:97-cr-00249, Doc. No. 37: PSR ¶ 33). As the Court explained in Johnson, in order to determine whether an offense "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another" the Court employs the categorical approach. Johnson, 135 S. Ct. at 578 (citing Taylor v. United States, 495 U.S. 575, 600 (1990)) "Under the categorical approach, a court assesses whether a crime qualifies as a violent felony "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. (quoting Begay v. United States, 553 U.S. 137, 141 (2008)). As the Court notes in Johnson, "the act of . . . breaking and entering into someone's home does not, in and of itself, normally cause physical injury. Rather, the risk of injury arises because . . . the burglar might confront a resident in the home *after* breaking and entering." Id. (emphasis in original).

As noted, Petitioner was convicted of four counts of breaking and entering a dwelling house. See Johnson, supra, at 584-85 (noting that this "decision does not call into question the application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Breaking and entering is plainly an

3

enumerated offense under the Guidelines. See USSG § 4B1.2 n.1 (defining enumerated offense of burglary of a dwelling as a crime of violence). Accordingly, Petitioner still qualifies as a career offender notwithstanding the Johnson decision.

Based on the foregoing, the Court finds that Petitioner's § 2255 motion has failed to state a claim for relief and it will be dismissed.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: June 23, 2016

Graham C. Mullen
United States District Judge