# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:97-CR-00249-GCM

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>MILAS HENRY MACK,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant Milas Mack's pro se Motion Seeking Reduction in Sentence Pursuant to the First Step Act of 2018 (ECF Doc. 39). Defendant also filed three pro se motions to appoint counsel (ECF Docs. 40, 41, and 42), which the Court addresses in this Order as well. The Government filed its Response Consenting to a Reduction in Sentence Under the First Step Act (ECF Doc. 45), and the Court now finds the following.

## I.    BACKGROUND

Defendant participated in a violent and widespread drug-trafficking conspiracy responsible for distributing crack cocaine in Charlotte, North Carolina. A federal grand jury indicted Defendant and charged him with conspiracy to possess with intent to distribute and to distribute crack and powder cocaine and marijuana under 21 U.S.C. §§ 846 and 841(a)(1). Defendant was responsible for 150 to 500 grams of cocaine base. Defendant was also charged with five counts of use and carry of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Defendant pled guilty to all counts.

Defendant now brings this Motion Seeking Reduction in Sentence Pursuant to the First Step Act of 2018, arguing that he is eligible for a sentence reduction because he was charged and

convicted under 21 U.S.C. §§ 846 and 841(a)(1). The Government consents to a reduction in Defendant's aggregate sentence to 1,260 months in prison.

## II. DISCUSSION

### A. Motion Seeking Reduction in Sentence Pursuant to the First Step Act of 2018

The First Step Act gives retroactive effect to Sections 2 and 3 of the Fair Sentencing Act of 2010, which reduced the former 100:1 crack-to-powder mandatory minimum ratio to an 18:1 ratio. *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019). To seek a reduced sentence under the First Step Act, a defendant must first establish that the defendant was sentenced for a "covered offense." Pub. L. 115-391 (2018), Sec. 404. If the defendant was sentenced for a covered offense, a court must then exercise its discretion in determining whether to grant a sentence reduction. *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020). In exercising its discretion to reduce a sentence, the Court is constrained by the statutory range that would have applied had the Fair Sentencing Act been in effect when the defendant committed his offense. *United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021).

It is undisputed that Defendant seeks a sentence reduction for a covered offense and is eligible for a sentence reduction pursuant to the First Step Act. If the Fair Sentencing Act had been in effect when Defendant committed his offense, he would have been sentenced pursuant to Section 841(b)(1)(C), where he was previously sentenced pursuant to Section 841(b)(1)(A). After considering the circumstances in this case and the applicable law, the Court concludes that it should grant Defendant's Motion Seeking Reduction in Sentence Pursuant to the First Step Act of 2018 and reduce Defendant's Count One Sentence to 240 months of imprisonment with a term of three years of supervised release.

Because the First Step Act only authorizes a sentence reduction for Defendant's drug-trafficking offense, the consecutive 1,020 months' imprisonment for Defendant's Section 924(c) firearm offenses remains unchanged. In sum, combining Defendant's drug-trafficking offense with his firearm offenses, Defendant's sentence is now reduced to an aggregate sentence of 1,260 months in prison.

### B. Motions to Appoint Counsel

The Court now addresses Defendant's three motions to appoint counsel. There is no constitutional right to the appointment of counsel in post-conviction criminal motions such as this one. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). Courts have discretion to appoint counsel in proceedings under 18 U.S.C. § 3582 if the interests of justice so require. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). Defendant requests that the Court appoint counsel to assist with his Motion Seeking Reduction in Sentence Pursuant to the First Step Act of 2018 and with a motion for compassionate release due to COVID-19, which has not been filed. After considering the circumstances of these motions, the Court does not find that the interests of justice require appointment of counsel. The Court will, therefore, deny these motions.

### III. ORDER

**IT IS THEREFORE ORDERED** that:

1. Defendant Milas Mack's pro se Motion Seeking Reduction in Sentence Pursuant to the First Step Act of 2018 (ECF Doc. 39) is **GRANTED** as indicated herein;

2. Defendant's sentence on Count One shall be reduced to **240 months of imprisonment and a three-year term of supervised release** subject to the standard conditions of supervised release reflected in Defendant's initial judgment; and

3. Defendant's motions to appoint counsel (ECF Docs. 40, 41, and 42) are **DENIED**.

**SO ORDERED.**

Signed: July 12, 2021

Graham C. Mullen
United States District Judge